UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SOTO,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. CV 10-8335 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff seeks to overturn the decision of the Commissioner of the Social Security Administration denying his applications for a period of disability, Disability Insurance benefits and Supplemental Security Income benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d

573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

## CONTENTIONS

Plaintiff raises one issue:

1. Whether the ALJ properly considered the examining opinion of examining physician Pedram Navab, M.D.

## DISCUSSION

1. <u>Dr. Navab's Opinion</u>.

In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 404.1527(d). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of physicians who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 404.1527(d)(2).

The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Lester*, 81 F.3d at 830; *Gallant*, 753 F.2d at 1454. The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Lester*, 81 F.3d at 830. If contradicted by another doctor, the opinion of an examining doctor can be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* at 830-31; *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Here, plaintiff was examined by Dr. Navab, a sleep specialist, on three occasions. After examinations on May 27, 2008 and June 12, 2008, Dr. Navab provided the following work restrictions: "[Plaintiff] must be restricted from any work that requires complete awareness and concentration, such as the operation of heavy machinery, driving, and similar activities so as not to cause harm to themselves or to others. [Plaintiff] will also be restricted from occupational duties that require concentration such as working at a computer and other similar activities." (AR 377, 398.) Dr. Navab did not offer any restrictions in his January 23, 2009 examination report.

An examining psychiatrist, Dr. Saint Martin, performed a psychiatric examination on October 12, 2008. Dr. Saint Martin did not find any limitations relating to an inability to concentrate. (AR 368.) The only work restriction Dr. Saint Martin found related to driving while taking medication. (*Id.*)

Thus, in order to reject Dr. Navab's opinion, the ALJ was required to provide specific and legitimate reasons that are supported by substantial evidence in the record.

The ALJ provided the following reasons for rejecting Dr. Navab's limitation that plaintiff could not perform any work that required concentration:

> Dr. Navab opined that [plaintiff] should avoid work requiring concentration, such as work at computers (Exhibit 10F, pp. 8, 29). While I am mindful of the need to avoid danger, I do not consider computer use to be dangerous and all jobs require some level of concentration.

3

> Accordingly, I do not include that limitation in the residual functional capacity. . . .
>
> . . . .
>
> With regard to medical opinion evidence as to [plaintiff's] ability to perform the mental aspects of work, I accept and adopt the opinion of psychiatric AME Dr. Martin - who assessed no specific mental limitations, instead indicating that [plaintiff's] only limitations relate to the potential side effects of medications (Exhibit 9F, p. 8) - because it is well-supported and generally consistent with the overall record discussed herein. . . . In sum, because the overall medical evidence substantiates a lack of mental limitations, I adopt Dr. Martin's opinion as the basis for the claimants's metal residual functional capacity.

(AR 24-25.)

The foregoing reasons were specific and legitimate. Dr. Navab's restriction from any work, such as using a computer, that required any concentration at all would essentially preclude any work. This restriction appears rather extreme given the record as a whole and Dr. Saint Martin's opinion that plaintiff had no limitation with respect to mental aspects of work. Therefore, remand is not required with respect to this issue.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: November 4, 2011

                                                    /S/ FREDERICK F. MUMM
                                                    FREDERICK F. MUMM
                                                  United States Magistrate Judge